UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PHILIP COOK )<br>)<br>      **Plaintiff,** )<br>)<br>   **v.** )<br>)<br>**NORFOLK SOUTHERN CORPORATION** )<br>**and NORFOLK SOUTHERN RAILWAY** )<br>**COMPANY** )<br>)<br>      **Defendants.** ) | CAUSE NO.  2:19-cv-00361-JTM-JRM |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Comes now the Defendants, Norfolk Southern Corporation ("NSC") and Norfolk Southern Railway Company ("NSRC") (collectively referred to as "Norfolk Southern"), by counsel, and for their Answer to Plaintiff's "Complaint for Damages and Request for Jury Demand" (hereinafter "Complaint"), state as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and for that reason, it should be dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6).

**SECOND DEFENSE**

NSC is not a proper party defendant in this case; NSC does not own or operate the line of railroad or trains referred to in the allegations of Plaintiff's Complaint.  The train involved in the subject incident was a Norfolk Southern Railway Company train, manned and operated by Norfolk Southern Railway Company employees.  Accordingly, Plaintiff's claims against NSC should be dismissed, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6).  NSRC will stipulate to an amendment of the pleadings on this point.

# THIRD DEFENSE

For its answers to the numbered paragraphs of Plaintiffs' Complaint, Norfolk Southern states:

1.     That the Plaintiff, Philip Cook, is and was at all relevant time an adult and resident of Jasper County, Indiana:

**ANSWER:     Norfolk Southern admits Philip Cook is a resident and citizen of the State of Indiana.**

2.     That the Defendants are domestic and foreign corporations doing business in the State of Indiana:

**ANSWER:     Norfolk Southern admits that NSC and NSRC are foreign corporations having their principal places of business outside the State of Indiana. Norfolk Southern admits that it does business in Indiana.**

3.     On August 29, 2017, at approximately 5:50 p.m., that the Defendants owned and operated a train which its employees operated in an eastbound direction on its track near Railroad Crossing No.: 534322p located at or near Bierma Street/Railroad in Wheatfield, Jasper County, Indiana:

**ANSWER:     Norfolk Southern Railway Company operated the train involved in the August 29, 2017 incident that occurred at or near Wheatfield, Indiana. Norfolk Southern is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.**

4.     On said date and time, the Plaintiff, Philip Cook, was walking along the railroad tracks when he was struck by Defendants' train:

**ANSWER:     Denied. Plaintiff was a trespasser who was sitting on the tracks at all relevant times.**

5.	It is well known that people walk along the tracks in this area:

**ANSWER:**	**Denied.**

6.	The Defendants' negligent conduct, includes but is not limited to the following:

    a.)	Failing to keep a proper lookout;

    b.)	Failing to provide a warning such as sounding a horn and/or bell of the train's approach;

    c.)	Operating at an excessive speed;

    d.)	Failing to reduce the train's speed; and

    e.)	Failing to stop the train to prevent striking the Plaintiff:

**ANSWER:**	**Denied, including subparagraphs "a" through "e."**

7.	As a direct and proximate cause of the Defendants' negligent conduct, the Plaintiff, Philip Cook, suffered injuries, some of which are permanent, incurred expenses for medical care, treatment and testing, suffered a loss of wages and earning ability, suffered physical and mental pain and an inability to engage in his normal daily activities for an indefinite period of time:

**ANSWER:**	**Denied.**

### FOURTH DEFENSE

Plaintiff's own contributory negligence or fault was the sole cause of the accident and his injuries and for that reason he should take nothing by way of his complaint.

### FIFTH DEFENSE

Plaintiff's claims should be barred or proportionately diminished on account of his own contributory negligence or fault, pursuant to the Indiana Comparative Fault Act.

## SIXTH DEFENSE

Plaintiff was at all relevant times a trespasser to whom Norfolk Southern owed only a duty not to intentionally injure Plaintiff. Thus failing to plead such intentional misconduct, Plaintiff's complaint should be dismissed for failure to state a legally cognizable claim. FED.R.CIV.P. 12(b)(6).

## SEVENTH DEFENSE

Plaintiff incurred the risk of the accident which allegedly caused his injuries and for that reason he should take nothing by way of his complaint.

## EIGHTH DEFENSE

Plaintiff's Complaint is barred by the Statute of Limitation.

## NINTH DEFENSE

Some or all of Plaintiff's complaints are barred by the doctrine of Federal Preemption.

## TENTH DEFENSE

Norfolk Southern reserves the right to identify "nonparties" against whom fault should be apportioned pursuant to the Indiana Comparative Fault Act.

## ELEVENTH DEFENSE

Plaintiff may have failed to reasonably mitigate his damages.

## TWELTH DEFENSE

To the extent Norfolk Southern has not specifically answered any of Plaintiff's allegations, it hereby denies those allegations.

**WHEREFORE**, Defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company, pray that Plaintiff take nothing by way of his Complaint; that judgment be

entered thereon in favor of Defendants; that Defendants recover their reasonable costs; and that the Court grant Defendants such other and further relief as is just and meet in the premises.

/s/ John C. Duffey
John C. Duffey (Atty. No.  4756-79)
Miao Cheng (Atty. No. 34539-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P. O. Box 1010
Lafayette, Indiana   47902-1010
Telephone: (765) 423-1561
Facsimile:  (765) 742-8175
jcd@stuartlaw.com
mic@stuartlaw.com
*Attorneys for Norfolk Southern Corporation and Norfolk Southern Railway Company.*

## JURY DEMAND

Defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company demand trial by jury.

/s/ John C. Duffey
John C. Duffey (Atty. No.  4756-79)
Miao Cheng (Atty. No. 34539-53)
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P. O. Box 1010
Lafayette, Indiana   47902-1010
Telephone: (765) 423-1561
Facsimile:  (765) 742-8175
jcd@stuartlaw.com
mic@stuartlaw.com
*Attorneys for Norfolk Southern Corporation and Norfolk Southern Railway Company.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 25th day of September 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Benjamen W. Murphy
426 N. Broad Street
Griffith, IN 46319
*Attorney for Plaintiff*

               /s/ John C. Duffey
               John C. Duffey

1243339