UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PHILIP COOK )<br>)<br>       Plaintiff, )<br>)<br>    v. )<br>)<br>NORFOLK SOUTHERN CORPORATION )<br>and NORFOLK SOUTHERN RAILWAY )<br>COMPANY )<br>)<br>       Defendants. ) | CAUSE NO.  2:19-cv-00361-JTM-JEM |

## REPORT OF THE PARTIES' PLANNING MEETING

1. In accordance with Fed. R. Civ. P. 26(f), a meeting was held on November 19, 2019 via telephone and was attended by

   Benjamen W. Murphy for Plaintiff Philip Cook;

   Miao Cheng for Defendant Norfolk Southern Corporation and Norfolk Southern Railway Company.

2. Jurisdiction and Venue.

   The Court has jurisdiction under 28 U.S.C. § 1332(a).  The parties agree that plaintiff's action against defendant Norfolk Southern Corporation arises under Indiana law, that the parties are completely diverse, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

   Venue is proper pursuant to 28 U.S.C. § 1391 because the accident at issue in this action occurred in Jasper County, Indiana, and, thus, this district constitutes the district where "a substantial part of the events or omissions giving rise to the claim occurred."  Venue is proper pursuant to 28 U.S.C. § 94(a)(3) because the Northern District of Indiana, Hammond Division, includes Jasper County.

3. Pre-Discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **February 3, 2020**.

4. Discovery Plan. The parties jointly propose the following discovery plan:

A.  Discovery will be needed on the following subjects: **The facts of the occurrence and Plaintiff's alleged injuries and damages.**

B.  Disclosure or discovery of electronically stored information should be handled as follows: **Parties will cooperate to ensure all electronic information is preserved and produced**.

    Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request to be provided an electronic copy. If a requesting party requests that examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure shall be made in a commercially reasonable manner.

    At this time, the parties do not request an order specifically addressing claims of privilege or other protection that may be asserted after the production of documents, as they do not expect this to occur. But, they agree to abide by the provisions outlined herein, and to work cooperatively (as required by Rule 26 and Local Rule 37.1) in resolving any related discovery disputes, including any claims of privilege that may be asserted at any time.

C.  The last day for the completion of all discovery is **August 3, 2020.**

D.  Maximum of **25 interrogatories** by each party to any other party.
    Maximum of **25 request for admission** by each party to any other party.
    Maximum of **5 depositions by plaintiff** and **5 by defendant(s)**.
    Each deposition is limited to a maximum of **7 hours** unless extended by stipulation.

E.  The filing of reports from retained experts under Fed. R. Civ. P. 26(a)(2) due by:

    **June 3, 2020** for Plaintiff;
    **July 3, 2020** for Defendants;

F.  Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed by **November 3, 2020**. Counsel stipulate that a failure to file such objection is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

G.  The parties will supplement their discovery responses, pursuant to Fed. R. Civ. P. 26(e), throughout the course of discovery and before trial. Fed. R. Civ. P. 26(a)(2) disclosures shall not be filed with the Court.

5.  Other Items.

A.  The last date the plaintiff may seek permission to join additional parties and to amend the pleadings is **April 1, 2020**.

B.  The last date the defendants may seek permission to join additional parties and to amend the pleadings is **May 4, 2020**.

C.  The last date for the filing of all potentially dispositive motion is **September 3, 2020**.

D.  The time to file Fed. R. Civ. P. 26(a)(3) pretrial disclosures will be governed by separate order.

E.  The parties have agreed upon **John Hughes** as mediator. Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation.

F.  This case should be ready for jury trial by **January 2021** and at this time is expected to take approximately **3 days**.

Date: December 2, 2019

/s/ Benjamen W. Murphy  
Benjamen W. Murphy  
426 N. Broad Street  
Griffith, IN  46319  
Telephone: (219) 922-0400  
Benmur01@gmail.com  
*Attorney for Plaintiff*

/s/ Miao Cheng  
John C. Duffey  
Miao Cheng  
STUART & BRANIGIN LLP  
300 Main Street, Suite 900  
P. O. Box 1010  
Lafayette, Indiana   47902-1010  
Telephone: (765) 423-1561  
jcd@stuartlaw.com  
mic@stuartlaw.com  
*Attorneys for Defendant(s).*

APPROVED AND SO ORDERED:

Date: _____      _____  
John E. Martin  
United States Magistrate Judge

1248370.1